**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BERKLINE/BENCHCRAFT HOLDINGS, LLC, et al. | ) | Case No. 11-11369 (MFW) |
| Debtors. | ) | Jointly Administered |
| ROBERT S. BERNSTEIN, AS PLAN ADMINISTRATOR FOR THE BANKRUPTCY ESTATES BERKLINE/BENCHCRAFT HOLDINGS, LLC, et al. | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 13-50947 (MFW) |
| EVERGREEN LINE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Evergreen Line to Dismiss the Amended Complaint filed by Robert S. Bernstein, as Plan Administrator for the Debtors'[2] estates (the "Plaintiff"), for defective service of process and as being time-barred by the

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court herein makes no findings of fact or conclusions of law. Instead, the facts recited are as averred in the Amended Complaint, which must be presumed true for the purposes of this Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2] The Debtors in these chapter 11 cases are: Berkline/BenchCraft Holdings, LLC, Berkline/BenchCraft, LLC, Berkline, LLC, BenchCraft, LLC, Blue Mountain Trucking Corp., and BenchCraft International Sourcing, Inc. (collectively the "Debtors").

relevant statute of limitations. For the reasons set forth below, the Court will deny the Motion to Dismiss.

I. BACKGROUND

The Debtors were a leading North American designer and manufacturer of upholstered and reclining furniture. Until the decision to liquidate, the Debtors had a growing presence in home theatre seating including reclining sofas, love seats, and sectionals. The Debtors sold their products through regional and national furniture chains, big box stores, department stores, buying exchanges, and internet retailers.

On May 2, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to the Debtors' Second Amended Chapter 11 Plan of Liquidation (the "Plan"), the Plaintiff was appointed as Plan Administrator. (D.I. 913.)

During the ninety days before the Petition Date (the "Preference Period"), the Debtors made payments to or for the benefit of Evergreen Line in the aggregate amount of $339,760 (the "Transfers"). On April 24, 2013, the Plaintiff commenced the above adversary proceeding by filing a complaint (the "Original Complaint") against Evergreen Shipping Agency ("Evergreen Shipping") to avoid and recover the Transfers as preferential pursuant to sections 547 and 550. The Plaintiff

served a copy of the Original Complaint and the Summons on Evergreen Shipping, c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.  (Adv. D.I. 2.)

On May 3, 2013, in a telephone conversation with Evergreen Shipping's counsel, the Plaintiff learned that Evergreen Shipping was the U.S. Agent for Evergreen Line, who was the party that had dealt with the Debtors.  The Plaintiff also learned from the conversation that there had been a typographical error on Exhibit A of the Complaint, with a transfer of $42,707.50 being mistakenly reported as $4,707.50.

On May 13, 2013, the Plaintiff filed an Amended Complaint, modifying the defendant's name to "Evergreen Line" and fixing the typographical error in Exhibit A, but changing nothing else in the Complaint.  The Plaintiff served the Amended Complaint with a new Summons on Evergreen Line at Evergreen Line, c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

On May 28, 2013, the Plaintiff was informed that the Corporation Service Company had refused service of the Amended Complaint on behalf of Evergreen Line.  As a result, the Plaintiff reviewed Evergreen Line's website and found that Evergreen Shipping Agency (America) Corp. was listed as the U.S. Agent for Evergreen Line and thereafter served the Amended Complaint on Evergreen Line c/o Evergreen Shipping Agency

(America) Corp., One Evertrust Plaza, Jersey City, New Jersey 07302.

On June 7, 2013, Evergreen Line filed a Motion to Dismiss the Amended Complaint as time-barred by the statute of limitations and for improper service of process pursuant to Rules 7004 and 7015 of the Federal Rules of Bankruptcy Procedure. The Plaintiff opposed the Motion. The matter has been fully briefed and is ripe for decision.

## II. JURISDICTION

This Court has core jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334 & 157(b)(2)(A), (B), and (O).

## III. DISCUSSION

### A. Amendment of Complaint

Federal Rule 15 governs the amendment of pleadings. Rule 15(a) provides that, where a party has already amended once as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

#### 1. Futile if Statute of Limitations Has Expired

Evergreen Line argues that amendment of the Complaint is

futile because the statute of limitations has expired.[3] See, e.g., Hechinger Liquidation Trust v. Copper Bussmann, Inc. (In re Hechinger Inv. Co.), 297 B.R. 390, 393 (Bankr. D. Del. 2003) ("[L]eave to amend shall not be given where an amendment will be futile and an amendment would be futile if a plaintiff is trying to add defendants after the statute of limitations has expired."); Burtch v. Dent (In re Circle Y of Yoakum, Texas), 354 B.R. 349, 361 (Bankr. D. Del. 2006) (holding that an amended complaint would be futile under Rule 15(a) if the complaint, as amended, failed to state a claim upon which relief can be granted, just as it would under a Rule 12(b)(6) motion to dismiss); Frederick v. Avantix Labs. Inc., 773 F. Supp. 2d 446, 449 (D. Del. 2011) (finding that an amendment can be futile if it fails to state a claim upon which relief can be granted).

According to section 546(a)(1), an avoidance action may not be commenced after the later of: (A) two years after the entry of the order for relief, or (B) one year after the appointment or

---

[3] The Third Circuit allows the affirmative defense of the statute of limitations to be considered in a motion to dismiss where it is apparent on the face of the complaint. See, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 n.10 (3d Cir. 1978) (holding that an affirmative defense may be raised on a Rule 12(b)(6) motion "if the predicate establishing the defense is apparent from the face of the complaint"); Hanna v. United States Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975) (holding that the statute of limitations defense may be considered as part of a motion to dismiss if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations").

election of the first trustee, if such election occurs before the expiration of the period specified in (A). 11 U.S.C. § 546. Here, the Amended Complaint was filed more than two years after the Petition Date and, thus, after the statute of limitations. Therefore, the Amended Complaint must be considered futile, unless, as the Trustee argues, the amendment relates back to the Original Complaint.

2. Relation Back Doctrine

Where an amendment "changes the party or the naming of the party against whom a claim is asserted," the amendment relates back to the date of the original pleading if three conditions are met:

> (1) the amendment asserts a claim arising out of the same transaction or occurrence described in the original pleading;
> (2) the party to be brought in by amendment received such notice of the action within 120 days of the filing that it will not be prejudiced in defending on the merits; and
> (3) within the same 120-day period, the party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Miller v. Metal Exchange Corp. (In re IH 1, Inc.), Adv. No. 11-51329(PJW), 2011 WL 6934552, at *3 (Bankr. D. Del. 2001 Dec. 30, 2011) (internal citations omitted); Fed. R. Civ. P. 15(c)(1).

The Court finds that the first condition is clearly satisfied here. The Original Complaint and the Amended Complaint seek the avoidance of the same Transfers. Thus, the Amended

Complaint clearly asserts a claim or defense that arose out of the conduct discussed in the original Complaint.

The Plaintiff argues that the second condition is met because Evergreen Line received both actual and constructive notice of the action within the time for service of the Original Complaint (120 days). The Plaintiff asserts that Evergreen Line likely received notice of this action as early as May 3, 2013, when counsel for Evergreen Shipping notified Plaintiff's counsel that Evergreen Line was the contract principal. The Plaintiff also argues that Evergreen Line certainly knew about the action no later than May 20, 2013, when counsel for Evergreen Line, via email, requested an extension of the deadline to answer the Amended Complaint. Further, the Plaintiff asserts that Evergreen Line cannot reasonably be prejudiced in defending the merits given that the Amended Complaint was filed less than a month after the Original Complaint.[4]

The Court agrees with the Plaintiff and finds that Evergreen Line received adequate notice of the action and will not be prejudiced in defending the Amended Complaint. Therefore, the Court concludes that the second condition to the relation back doctrine is met in this case.

As to the third condition, the Plaintiff asserts that naming

---

[4] Evergreen Line has not alleged that it has been prejudiced. (Adv. D.I. 12.)

Evergreen Shipping rather than Evergreen Line was truly a mistake. The Plaintiff argues that the Debtor's check registers and other documents indicated that Evergreen Shipping was the recipient of the Transfers without indicating that it was merely the agent of Evergreen Line, who was the party that contracted with the Debtor. Further, the Plaintiff argues that because Evergreen Line and Evergreen Shipping are part of a worldwide shipping conglomerate consisting of dozens of interrelated corporate entities, all of which share very similar names, the Evergreen entities should have expected such a mistake could occur. See, e.g., Krupski v. Costa Crociere S.p.A., 130 S.Ct. 2485 (2010) (holding that where related corporate entities exist, there is a heightened expectation that the entities should suspect a mistake regarding the correct party to the lawsuit).

The Defendant responds by stating that the reasonableness of Plaintiff's mistake is not itself at issue; rather, the issue is whether Evergreen Line had reason to know of Plaintiff's mistake. See Metal Exchange, 2011 WL 6934552, at *6 (citing Krupski, 130 S.Ct. at 2493-94).

Although that is true, the Court finds that there are sufficient facts establishing that Evergreen Line should have known that it would be sued, including the similarity in corporate names, the fact that Evergreen Shipping was an U.S. Agent for Evergreen Line, and the plain language of the

Complaint. Therefore, the Court finds that the third condition of Rule 15(c)(1)(C) has been met and the Amended Complaint will relate back to the date of the Original Complaint.

B. Service of Amended Complaint

In this case, the Amended Complaint was served: (i) on Evergreen Line's counsel, and (ii) on Evergreen Line c/o Evergreen Shipping Agency (America) Corporation, One Evertrust Plaza, Jersey City, New Jersey 07302.

Evergreen Line argues that the Plaintiff failed to properly serve the complaint under Rule 7004(b)(3) when it mailed the Amended Complaint to the attention of Evergreen Line's registered agent, Evergreen Shipping Agency (America) Corporation, without mailing it to the attention of an officer or other individual. Fed. R. Bankr. P. 7004(b)(3) (when serving a corporation, partnership, or association, a complaint must be mailed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process"). See also, Sun Healthcare Group v. Mead Johnson Nutritional (In re Sun Healthcare Group), Adv. No. 01-7671, 2004 WL 941190, at *2 (Bankr. D. Del. 2004) ("[F]ailure to address the service of process to the attention of an officer or agent . . . violates the statutory requirements of Bankruptcy Rule 7004(b)(3). . . [because] notice must comply with the literal requirements of Bankruptcy Rule 7004(b)(3).").

The Plaintiff responds that service was proper because he made service on Evergreen Line's correct address and in the "care of" its agent, Evergreen Shipping Agency (America) Corporation. Further, the Plaintiff asserts that service was proper because it was the same address listed under the "offices and agents" tab on Evergreen Line's website and no particular individual was stated on whom service should be made.

The Court disagrees with the Plaintiff. Service on an agent corporation without directing the mailing to an officer or appropriate individual at that agent is insufficient under Rule 7004(b)(3). See, e.g., Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.), 485 B.R. 62 (Bankr. S.D.N.Y. 2013) (holding that mailing the summons and complaint to corporate agent without directing it to anyone in particular violates Rule 7004(b)(3)). See generally, 4A Charles Alan Wright et al., Federal Practice and Procedure § 1104, at 585 (3d ed. 2002) ("Principles of agency also permit one corporation or business organization to be the agent of another institution so that service of process on an officer or on a managing or general agent of one organization can be valid service on another . . . ."). The only exception to the requirement of service on an individual is when a defendant expressly designates that service be made on a corporate representative. See Price v. America's Serv. Co. (In re Price), 377 B.R. 224, 228 (Bankr. E.D.

Ark.2007); Cruisephone, Inc. v. Cruise Ships Catering & Servs. N.V. (In re Cruisephone, Inc.), 278 B.R. 325, 332 (Bankr. E.D.N.Y. 2002); Ms. Interpret v. Rawe Druck-Und-Veredlungs-GmbH (In re Ms. Interpret), 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998).

Here, the Plaintiff mailed the Amended Complaint to Evergreen Line in the care of Evergreen Shipping Agency (America) Corporation, itself a corporation, and the mailing was not directed to any individual. Without directing the Amended Complaint to the attention of an individual, the Court finds that the Plaintiff did not satisfy Rule 7004(b)(3). See, e.g., Golden v. The Guardian (In re Lenox Healthcare, Inc.), 319 B.R. 819, 822 (Bankr. D. Del. 2005) ("Because nationwide service of process by first class mail is a rare privilege which should not be abused or taken lightly, courts have required strict compliance with Rule 7004(b)(3).") (internal citation omitted). Cf. Hackman v Fountain Grp. Co. of Utah, Inc. (In re Hackman), Adv. No. 11-01689-BFK, 2013 WL 34714 (Bankr. E.D. Va. 2013) (holding that service of process was proper under Rule 7004(b)(3) where the summons and complaint were mailed to Fountain Group Companies of Utah, care of its Chief Executive Officer, Mr. Wilson).

C. Extension of Time to Serve Amended Complaint

If the Court finds that service was not proper, the Plaintiff requests additional time to effect service on Evergreen Line. The Plaintiff contends that an extension of time is

warranted under Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated by Rule 7004.

Rule 4(m) provides the time limit for serving a defendant with notice of a complaint filed against it. Fed. R. Civ. P. 4(m). Specifically, the Rule provides that

> if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Id. The Third Circuit has interpreted Rule 4(m) "to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995).

> First, the [court] should determine whether good cause exists for an extension of time. If good cause is present, the [court] must extend the time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend the time for service.

Id.

Good cause requires at least a showing of excusable neglect. See, e.g., Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 884-85 (3d Cir. 1987) (holding that "good cause under Rule[4(m)] seems to require at least as much as would be required to show

excusable neglect . . . as to which simple inadvertence or mistake of counsel or ignorance of the rules does not suffice”); Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987) (noting that inadvertence of counsel and half-hearted efforts at service fail to meet the standard). Determining whether excusable neglect exists is an equitable exercise that takes into account all relevant circumstances surrounding the omission. Just for Feet, 299 B.R. at 348. Where counsel exhibits substantial diligence, professional competence and good faith, but fails to comply with the rule as a result of some minor neglect, the court is required to find good cause. Consol. Freightways Corp. v. Larson, 827 F.2d 916, 919-20 (3d Cir. 1987).

The Plaintiff argues that the Court should extend the time for service because the Plaintiff made an adequate showing of good cause. See, e.g., Golden v. Med. Office Props, Inc. (In re Lenox Healthcare, Inc.), 311 B.R. 404, 407 (Bankr. D. Del. 2004) (“[C]ourts should extend the time to serve when counsel exhibits substantial diligence, professional competence and good faith, but fails to comply with the rule as a result of some minor neglect . . . .”). The Plaintiff asserts that it contacted Defendant’s counsel to inquire whether they would accept service of the Amended Complaint. After learning that counsel was not authorized to receive service, the Plaintiff then performed an exhaustive search on the corporate website to determine the

identity of the agent for purposes of service. The Plaintiff notes that Evergreen Line's corporate website listed Evergreen Line Agency (America) Corp. as the U.S. agent under the "offices and agents" tab without identifying any individuals with the authority to accept service. The Plaintiff adds that had an individual been listed on the website, he would have been served. Additionally, the Plaintiff states that he did provide a copy of the Amended Complaint as a courtesy to Evergreen Line's counsel.

The Court finds that taken together, all of the Plaintiff's efforts demonstrate that he exhibited substantial diligence and a good faith effort to effectuate proper service, even though it was technically improper. See, e.g., id. (noting that whether excusable neglect exists is an equitable exercise that takes into account all relevant circumstances surrounding the omission). Thus, the Court will extend the time for service of the Amended Complaint to thirty days from the date of this decision.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Dismiss and will allow the Plaintiff thirty days to effectuate proper service on the Defendant, Evergreen Line.

An appropriate Order is attached.

Dated: August 6, 2013

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge